PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CROWL, *et al.*, | ) | CASE NO. 4:11CV00105 |
| | ) | |
| Plaintiffs | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| ALLCARE DENTAL AND DENTURES, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM AND ORDER OF** |
| Defendants. | ) | **OPINION** (Resolving ECF No. 19) |

Before the Court is Defendant Dr. Robert Bates, D.D.S.', Motion to Dismiss the complaint filed by Plaintiff James Crowl and others similarly situated (collectively "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Based upon careful consideration of the parties' pleadings, for the reasons provided below, the Court denies Defendant Bates' Motion to Dismiss.

**I. Background**

Plaintiffs brought this putative class action against Defendants Allcare Dental and Dentures, Inc. of Ohio-Bates; Allcare Dental & Dentures of N.Y., P.C.; Allcare Dental Management, L.L.C.; and Dr. Robert Bates, D.D.S. (collectively "Allcare") seeking relief from Allcare which demanded and accepted Plaintiffs' payments for dental services and/or equipment that Allcare has failed to provide and Allcare's wrongful retention of such payments and/or equipment. ECF No. 1 at 2, ¶ 2.

Allcare provided low-cost dental services and equipment to patients across the nation. ECF No. 1 at 5, ¶ 12. In exchange for Allcare's low-cost dental services and individualized

(4:11CV00105)

Treatment Plans, Plaintiffs entered into contractual payment agreements. ECF No. 1 at 6, ¶ 14. Plaintiffs allege that, in late-December, 2010, Allcare unilaterally and without notice or explanation closed each Allcare location throughout the country. ECF No. 1 at 6, ¶ 17. Plaintiffs explain that Allcare, by letter sent *via* the internet, directed patients seeking dental services to locate another dentist at the patient's expense. ECF No. 1 at 6, ¶ 18. Plaintiffs claim that Allcare has refused to provide Plaintiffs with previously paid for services and/or equipment. ECF No. 1 at 6, ¶ 19.

Plaintiffs' complaint alleges breach of contract, conversion, and unjust enrichment. ECF No. 1 at 11-13. Defendants Allcare Dental and Dentures, Inc. Of Ohio-Bates; Allcare Dental & Dentures of N.Y., P.C.; Allcare Dental Management, L.L.C., jointly filed an answer. ECF No. 20. Defendant Dr. Robert Bates, D.D.S. separately filed a Motion to Dismiss alleging that the complaint is devoid of specific allegations concerning his conduct. ECF No. 19.

## II. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-plead allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, the[] [well-pleaded factual allegations] must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume

(4:11CV00105)

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id. at 1950*. Despite the overruling of *Conley v. Gibson*, 355 U.S. 41, 47 (1957), it remains that Fed. R. Civ. P. 8(a)(2), is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"Although this is a liberal pleading standard, it requires more than the bare assertion of legal conclusions. Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *First Am. Title Co. v. DeVaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (quoting *Se. Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006)). In other words, claims set forth in a complaint must be plausible, not just than conceivable. *Twombly*, 550 U.S. at 570. "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 U.S. at 1950 (citing Fed.R.Civ.P. 8(a)(2)).

To determine whether a claim should proceed, the Supreme Court has set forth a legal "plausibility standard" to assess whether the facts convincingly suggest actionable conduct, rather than merely describing conduct that actually occurred. *Twombly*, 550 U.S. at 556 n.3; *see* RAKESH N. KILARU, *The New Rule 12(b)(6): Twombly, Iqbal, and the Paradox of Pleading*, 62 Stan. L. Rev. 905, 910-11 (2010). Applying this standard, district court judges should weigh the facts and determine, when necessary, whether they are sufficient to "nudge [the] claims across

-3-

(4:11CV00105)

the line from conceivable to plausible" based on their "judicial experience and common sense." *Twombly*, 550 at 570; *Iqbal*, 129 S. Ct. at 1950. A suit may proceed as long as plaintiff's complaint crosses that threshold. *Twombly*, 550 at 570.

Notably, a court's skepticism about whether the alleged conduct had actually occurred does not justify dismissal of a complaint. Alternatively, the *Twombly* Court instructed lower courts to ask whether the facts alleged in the complaint actually constitute actionable conduct. *Twombly*, 550 U.S. 564-70 (holding that the legal plausibility standard mandated dismissal).

### III. Discussion

According to the legal standards and the District Court Judge's "judicial experience and common sense," plausible claims for relief have been shown. As discussed below, Plaintiffs have nudged the conversion and unjust enrichment claim across the line from conceivable to plausible by alleging facts that substantiate the claims of conversion and unjust enrichment.

**A. Plaintiffs' Conversion and Unjust Enrichment Claims Are Plausible**

**1. Conversion**

The tort of conversion has been defined as any exercise of dominion or control wrongfully exerted over another's personal property, inconsistent with that person's rights. *Ohio Telephone Equipment & Sales, Inc. v. Hadler Realty Co.*, 24 Ohio App.3d 91, 93 (1985). A claim for conversion requires the following elements: "(1) plaintiff's ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by a wrongful

-4-

(4:11CV00105)

act or disposition of plaintiff's property rights; and, (3) damages."[1] *City of Findlay v. Hotels.com, L.P.*, 441 F.Supp.2d 855, 865 (N.D. Ohio 2006).

The facts in the complaint alleging conversion rise to the level of actionable conduct. Plaintiffs allege that Defendants, including Bates (ECF No. 1 at 2, ¶ 1) "demanded, accepted, and retained funds, in the form of advance payments, from Plaintiffs and the putative Class members for services and/or equipment with the intent to exercising domain . . . [and] continue to exercise dominion over funds paid." ECF No. 1 at 12, ¶¶ 40, 41. Plaintiffs continue to allege that they have a property right to the funds and/or equipment and claim that Defendants are obligated to remit the unearned funds. ECF No. 1 at 12, ¶¶ 43, 45. Plaintiffs' allegations plausibly suggest that Defendant Bates as a corporate officer may be liable for a tort of conversion committed by the corporation under his control or with his participation and cooperation. Plaintiffs factual allegations, therefore, plausibly suggest an entitlement to relief.

### 2. Unjust Enrichment

A claim for unjust enrichment requires the following elements: "(1) a benefit was conferred upon the defendant by the plaintiff; (2) the defendant accepted/appreciated the benefit conferred; (3) acceptance of the benefit without compensation for its value would, under the

---

[1] Under Ohio law, "conversion is considered an intentional tort." *Jasar Recycling, Inc. v. Major Max Mgmt. Corp.*, Case No. 4:08CV2830 2010, WL 395212, at *9 (N.D. Ohio Jan. 22, 2010) (citing *Price v. Austintown Local Sch. Dist. Bd. of Edn.*, 178 Ohio App.3d 256, 897 N.E.2d 700, 705 (Ohio App. 7 Dist. 2008)). Ohio law does not require a plaintiff to pierce the corporate veil if a corporate officer committed an intentional tort, as they can be held personally liable. *Ball Brothers Machinery, Ltd. v. Direct Development, LLC.*, Case No. 4:08CV2930, 2009 WL 2486128, at *2 (N.D. Ohio 2009), citing generally *Yo-Can, Inc. v. Yogurt Exch.*, 149 Ohio App.3d 513, 526, 778 N.E.2d 80 (Ohio App. Dist. 2002).

(4:11CV00105)

circumstances, be inequitable." *DeNune v. Consolidated Capital of North America, Inc.*, 288 F.Supp.2d 844, 854 (N.D. Ohio 2003) (citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984)).

Plaintiffs' allegations are supported by plausible facts and permissible inferences. Plaintiffs allege that "Defendants," including Bates (ECF No. 1 at 2, ¶ 1), "have been unjustly enriched by the advance payments for dental services and/or equipment made by Plaintiffs and the members of the Classes."  ECF No. 1 at 13, ¶ 49.  The complaint further alleges that Plaintiffs "unknowingly conferred a benefit on Defendants of which Defendants had knowledge, since Defendants were aware of its impending nationwide closure of all locations . . . [and] it would be inequitable, unconscionable, and unjust to permit Defendants to retain the benefit of profits that they unfairly obtained."  ECF No. 1 at 13, ¶ 50.  The facts in the complaint alleging unjust enrichment, therefore, describe actionable conduct.

### B.  Plaintiffs' Breach of Contract Claim Raises A Reasonable Expectation that Discovery Will Reveal Evidence

The *Twombly* Court also explained that the "plausible grounds" for relief was not a "probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the alleged wrongdoing. *Twombly*, 425 F.3d at 556.  Here, Plaintiffs have alleged facts raising a reasonable expectation–something greater than mere hope--that discovery will further reveal whether Defendant Bates is liable for <u>or</u> the extent of any liability for breach of contract.  *Cf. Twombly,* 550 U.S. at 559 (a plaintiff is not entitled to discovery in the hopes that it will reveal facts in support of its complaint).  Therefore, dismissal of the breach of contract claim pursuant to Rule

(4:11CV00105)

12(b)(6) at this stage of litigation is premature. *See Mid-South Music Corp. v. U.S., 818 F.2d 536, 538 (6th Cir. 1987)* ("[P]laintiff's complaint had stated a colorable claim, and that dismissal in response to a Fed.R.Civ.P. 12(b)(6) motion was premature.").

### IV. Conclusion

For the reasons stated above, Plaintiffs have met the enhanced Rule 8(a) pleading burden and the Court denies Defendant Dr. Robert Bates, D.D.S.' Motion to Dismiss. ECF No. 19.

IT IS SO ORDERED.

| | |
|---|---|
| June 13, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |